FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELIA B.,[1] <br>             Plaintiff, <br><br>    vs. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br>           Defendant. | No. 2:20-cv-00306-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 24, 25 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 24, 25.  The parties consented to proceed before a magistrate judge.  ECF No. 7.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 24, and denies Defendant's motion, ECF No. 25.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

ORDER - 4

1  enumerated impairments, the Commissioner must find the claimant disabled and

2  award benefits.  20 C.F.R. § 416.920(d).

3      If the severity of the claimant's impairment does not meet or exceed the

4  severity of the enumerated impairments, the Commissioner must pause to assess

5  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9      At step four, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing work that he or she has performed in

11  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12  capable of performing past relevant work, the Commissioner must find that the

13  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14  performing such work, the analysis proceeds to step five.

15      At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18  must also consider vocational factors such as the claimant's age, education and

19  past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20  Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 18, 2017, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of July 2, 2010.[3]  Tr. 16, 85, 237-43.  The application was denied initially, and on reconsideration. Tr. 107-15, 116-22.  Plaintiff appeared before an administrative law judge (ALJ) on December 5, 2019.  Tr. 33-67.  On December 26, 2019, the ALJ denied Plaintiff's claim.  Tr. 13-30.

---

[3] Plaintiff previously applied for Title XVI benefits on three occasions, resulting in initial denials on December 6, 2007, September 16, 2010, and June 16, 2015; Plaintiff did not appeal the denials.  Tr. 269-70.

ORDER - 6

1    At step one of the sequential evaluation process, the ALJ found Plaintiff has

2  not engaged in substantial gainful activity since September 18, 2017.  Tr. 18.  At

3  step two, the ALJ found that Plaintiff has the following severe impairments:

4  fibromyalgia, degenerative disc disease of the cervical spine, facet disease of the

5  lumbar spine, depressive disorder, mild anxiety disorder, and post-traumatic stress

6  disorder.  *Id.*

7    At step three, the ALJ found Plaintiff does not have an impairment or

8  combination of impairments that meets or medically equals the severity of a listed

9  impairment.  Tr. 19.  The ALJ then concluded that Plaintiff has the RFC to perform

10  light work with the following limitations:

11    She can perform all posturals frequently, except she can never climb
      ladders, ropes, or scaffolds.  She must avoid concentrated exposure to
12    extreme cold, humidity, vibration, respiratory irritants, and all
      hazards.  She is able to understand, remember, and carry out simple,
13    routine tasks and semi-skilled tasks; she is able to maintain
      concentration, persistence, and pace for two hour intervals between
14    regularly scheduled breaks throughout an eight-hour workday; she can
      have simple changes; she can make routine decisions; there should be
15    no fast paced production rate of pace; interaction with the public can
      occur, but it needs to be limited to superficial.

16  Tr. 20.

17    At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 25.  At

18  step five, the ALJ found that, considering Plaintiff's age, education, work

19  experience, RFC, and testimony from the vocational expert, there were jobs that

20  existed in significant numbers in the national economy that Plaintiff could perform,

ORDER - 7

such as mail clerk, hand packager, and small products assembler.  *Id.*  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  Tr. 26.

On June 25, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ conducted a proper step-three analysis;

3. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

4. Whether the ALJ conducted a proper step-five analysis.

ECF No. 24 at 5-6.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinions of Rebecca Alexander, Ph.D.; Joyce Everhart, Ph.D.; and Lawrence Garges, M.D. ECF No. 24 at 8-15.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding"

ORDER - 9

(including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

ORDER - 10

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply.  ECF No. 24 at 8; ECF No. 25 at 4-9.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

1     There is not a consensus among the district courts as to whether the "clear

2  and convincing" and "specific and legitimate" standards continue to apply.  *See,*

3  *e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

4  Nov. 10, 2020) (applying the specific and legitimate standard under the new

5  regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

6  Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

7  2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

8  regulations displace the treating physician rule and the new regulations control);

9  *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

10  Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

11  legitimate nor clear and convincing standard).  For the sake of consistency in this

12  District, the Court adopts the rationale and holding articulated on the issue in

13  *Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash.

14  Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021).  In *Emilie*

15  *K.*, this Court held that the ALJ did not err in applying the new regulations over

16  Ninth Circuit precedent, because the result did not contravene the Administrative

17  Procedure Act's requirement that decisions include a statement of "findings and

18  conclusions, and the reasons or basis therefor, on all the material issues of fact,

19  law, or discretion presented on the record."  *Id.* at *4 (citing 5 U.S.C. § 557(c)(A)).

20  This rationale has been adopted in other cases with this Court.  *See, e.g., Jeremiah*

ORDER - 12

*F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash. Sept. 7, 2021). Nevertheless, it is not clear that the Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

### 1. Dr. Alexander

On June 9, 2015, Dr. Alexander conducted a psychological consultative examination and rendered an opinion on Plaintiff's functioning. Tr. 339-44. Dr. Alexander diagnosed Plaintiff with severe major depressive disorder, chronic PTSD, and ADHD by history. Tr. 343. Dr. Alexander opined Plaintiff's recent and immediate memory were below normal limits and her abstract thinking was slightly below normal limits; her ability to understand and remember instructions is mildly impaired; her ability to sustain concentration, persist, and interact appropriately in the workplace is markedly impaired, and her functioning was otherwise within normal limits. Tr. 344. The ALJ found Dr. Alexander's opinion was not persuasive. Tr. 24.

First, the ALJ found Dr. Alexander's opinion was not supported by her own objective findings. *Id.* Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20

ORDER - 13

1 C.F.R. § 416.920c(c)(1).  The ALJ noted that Plaintiff could perform serial sevens,

2 basic subtraction, and could recall one of three objects after a delay.  Tr. 24 (citing

3 Tr. 343).  Dr. Alexander opined Plaintiff had marked limitations in her ability

4 concentrate, persist, and interact appropriately, and stated Plaintiff's recent and

5 immediate memory were below normal limits, she had a severely depressed mood,

6 her thought processes were "only moderately intact," she had difficulty recalling

7 dates, and she occasionally needed questions explained and repeated.  Tr. 340, 344.

8 Plaintiff was also cooperative, alert, and moderately pleasant, with normal eye

9 contact and speech, and Dr. Alexander stated Plaintiff's remote memory, fund of

10 information, ability to calculate math problems, and judgement were all normal.

11 Tr. 339-40, 342-43.  While Plaintiff offers an alternative interpretation of Dr.

12 Alexander's examination results, ECF No. 24 at 11, the Court may not reverse the

13 ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of

14 the record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)

15 ("[W]hen the evidence is susceptible to more than one rational interpretation" the

16 court will not reverse the ALJ's decision).  The ALJ's finding that Dr. Alexander's

17 opinion was not supported by her examination results is reasonable and supported

18 by substantial evidence.  Further, any error is harmless as the ALJ gave other

19 supported reasons to reject the opinion.  *See Molina,* 674 F.3d at 1115.

20

1    Second, the ALJ found Dr. Alexander's opinion was based on a single

2  evaluation that took place two years before the relevant adjudicative period.  Tr.

3  24.  An ALJ may consider whether new evidence received after the medical source

4  rendered his or her medical opinion impacts the persuasiveness of the opinion.  20

5  C.F.R. § 416.920c(5).  Plaintiff alleges disability beginning on July 2, 2010,

6  however the relevant adjudicative period is from September 18, 2017 onward, thus

7  Dr. Alexander rendered her opinion more than two years prior to the relevant

8  period.  Further, the ALJ reasonably found that the later evidence received after

9  Dr. Alexander rendered her opinion is inconsistent with Dr. Alexander's opinion,

10  as discussed *infra*.  Thus, the ALJ's finding that Dr. Alexander's opinion is less

11  persuasive because it was rendered two years prior to the relevant period is

12  supported by substantial evidence.

13    Third, the ALJ found Dr. Alexander's opinion was inconsistent with the

14  medical evidence from other sources.  Tr. 24.  Consistency is one of the most

15  important factors an ALJ must consider when determining how persuasive a

16  medical opinion is.  20 C.F.R. § 416.920c(b)(2).  The more consistent an opinion is

17  with medical evidence from other sources, the more persuasive the medical

18  opinion is.  20 C.F.R. § 416.920c(c)(2).  The ALJ found the medical records

19  consistently document unremarkable findings on mental status examination.  Tr. 24

20  (citing Tr. 365, 419, 426, 432, 457, 470, 497, 503, 508).  Plaintiff argues the ALJ's

ORDER - 15

1    citations are inaccurate as they contain abnormalities on examination.  ECF No. 24

2    at 10.  The cited records indicate Plaintiff had many normal findings, including

3    normal mood, attitude, movement, appearance, orientation, eye contact,

4    presentation, attention, calculation/recall, speech, and memory, and Plaintiff was

5    noted as cooperative.  Tr. 365, 419, 426, 432, 439, 449, 457, 469-70, 497, 503,

6    508.  There are also some documented abnormalities, including Plaintiff behaving

7    in a frightened manner, with a sad, depressed, anxious, and fearful mood, and

8    constricted and potentially dissociative affect, with only fair memory/general

9    knowledge, distractible thoughts, short attention span, unmotivated behavior, and

10   suicidal ideation.  Tr. 365, 489-90, 503, 508.  Plaintiff denied depression, anxiety,

11   and hopelessness at multiple appointments.  Tr. 424, 430, 437, 447, 495.  While

12   Plaintiff again offers a differing interpretation of the record, ECF No. 24 at 10-11,

13   the ALJ's finding that Dr. Alexander's opinion is inconsistent with the objective

14   medical evidence is supported by substantial evidence.

15       *2.  Dr. Everhart*

16       On December 27, 2017, Dr. Everhart conducted a psychological consultative

17   examination and rendered an opinion on Plaintiff's functioning.  Tr. 459-64.  Dr.

18   Everhart diagnosed Plaintiff with recurrent major depressive disorder; unspecified

19   anxiety disorder; attention deficit hyperactivity disorder; substance abuse disorder

20   (methamphetamine) in remission per self-report; unspecified personality disorder

ORDER - 16

1  with antisocial and borderline features; and provisional diagnosis of unspecified

2  neurocognitive disorder.  Tr. 464.  Dr. Everhart opined Plaintiff's functioning,

3  including her attention, concentration, intellectual ability, and persistence, were

4  within normal limits, but stated Plaintiff "does have serious symptoms in

5  occupational and social [realms]."  Tr. 463-64.  The ALJ found Dr. Everhart's

6  opinion was somewhat persuasive.[4]  Tr. 23.

7          First, the ALJ found Dr. Everhart's opinion was vague.  *Id.*  The more

8  relevant the supporting explanation presented by a source is to their opinion, the

9  more persuasive the opinion will be.  20 C.F.R. § 416.920c(c)(1).  Dr. Everhart

10  only opined that Plaintiff has serious symptoms in the occupational and social

11  realms.  Tr. 464.  Dr. Everhart did not state what functional limitations the

12  symptoms cause.  The rest of Dr. Everhart's summary outlines a largely normal

13  mental status examination and does not offer any clarification on Plaintiff's

14  —————————————

15  [4] Plaintiff argues the ALJ failed to address evidence from Dr. Everhart, ECF No.

16  24 at 4-5, and argues the evidence from Dr. Everhart was consistent with Dr.

17  Alexander's opinion, thus the Court has addressed the ALJ's analysis of Dr.

18  Everhart's opinion despite Plaintiff waiving the issue due to the failure to address

19  any of the reasons offered by the ALJ to reject Dr. Everhart's opinion.  *See*

20  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

ORDER - 17

1    functional limitations.  Tr. 463-64.  Plaintiff argues Dr. Everhart's examination and

2    opinion is consistent with Dr. Alexander's, as Dr. Everhart found Plaintiff was

3    depressed, tearful, and somewhat anxious, with a low delayed memory score.  ECF

4    No. 24 at 4.  Despite Plaintiff's abnormal mood, affect, and delayed memory score,

5    Plaintiff's examination was otherwise normal, and the examination does not

6    provide any additional information on what Dr. Everhart believed Plaintiff's

7    serious symptoms were or how they limited her.  As such, the ALJ's finding that

8    Dr. Everhart's opinion was vague is supported by substantial evidence.

9        Second, the ALJ found Dr. Everhart's examination findings did not support

10    her opinion.  Tr. 23.  Supportability is one of the most important factors an ALJ

11    must consider when determining how persuasive a medical opinion is.  20 C.F.R. §

12    416.920c(b)(2).  The more relevant objective evidence and supporting explanations

13    that support a medical opinion, the more persuasive the medical opinion is.  20

14    C.F.R. § 416.920c(c)(1).  The ALJ noted Dr. Everhart's examination documented

15    Plaintiff's normal attention, intellectual ability, concentration, persistence, pace,

16    and normal scores on the Trail Making tests.  Tr. 23.  Dr. Everhart also stated

17    Plaintiff had normal speech, fair eye contact, and Plaintiff reported being able to

18    handle chores and personal care.  Tr. 463-64.  The ALJ noted there were

19    examination findings suggestive of limitations, but the findings did not support any

20    limitations greater than those accounted for in the RFC.  Tr. 23.  The ALJ's finding

ORDER - 18

1   that Dr. Everhart's opinion is not supported by the examination findings is

2   supported by substantial evidence.

3        Third, the ALJ found Dr. Everhart's opinion was inconsistent with the

4   unremarkable findings documented by other providers.  Tr. 23.  Consistency is one

5   of the most important factors an ALJ must consider when determining how

6   persuasive a medical opinion is.  20 C.F.R. § 416.920c(b)(2).  The more consistent

7   an opinion is with medical evidence from other sources, the more persuasive the

8   medical opinion is.  20 C.F.R. § 416.920c(c)(2).  As discussed *supra*, the medical

9   records largely contain normal mental status examinations and reports from

10  Plaintiff that she was not experiencing mental health symptoms.  As such, the

11  ALJ's finding that Dr. Everhart's opinion is inconsistent with the longitudinal

12  record is supported by substantial evidence.

13       Further, any error in the ALJ's consideration of Dr. Everhart's opinion

14  would be harmless.  Dr. Everhart did not set forth any specific functional

15  limitations, thus the ALJ's failure to include Dr. Everhart's opinion in the RFC

16  would not have any impact on the RFC, and any error is harmless.  *See Molina,*

17  674 F.3d at 1115.

18       *3.  Dr. Garges*

19       On January 24, 2018, Dr. Garges performed a physical consultative

20  examination and rendered an opinion on Plaintiff's functioning.  Tr. 466-76.  Dr.

ORDER - 19

Garges listed Plaintiff's subjective complaints, which included arthritis and fibromyalgia, but did not provide any diagnoses.  Tr. 466.  Dr. Garges opined Plaintiff could sit 20 minutes at a time for a total of two hours in a workday; stand for 20 minutes at a time for a total of two hours in a workday; walk 10 minutes at a time for a total of one hour in a workday; lift/carry up to 20 pounds occasionally "not very far, long"; occasionally reach, handle, feel, grasp, and finger; and she has limitations in bending/stooping, crouching, turning at the waist, reaching behind her, and in her ability to handle exposure to "temperature, noise, heights, etc."  Tr. 474.  While the ALJ found Dr. Garges' opinion was persuasive, the ALJ did not fully incorporate Dr. Garges' opinion into the RFC.[5]  Tr. 23-24.

First, the ALJ found Dr. Garges' opinion was not supported by his examination findings.  *Id.*  Supportability is one of the most important factors an

---

[5] Defendant argues the ALJ intended to write that Dr. Garges' opinion is not persuasive, and that the sentence stating Dr. Garges' opinion is persuasive is clearly a typographical error given the ALJ's analysis of the evidence and opinion. ECF No. 25 at 13.  However, the ALJ summarized both evidence that supports and detracts from Dr. Garges' opinion, the ALJ did not give reasons to reject portions of Dr. Garges' opinion, and the ALJ incorporated portions of Dr. Garges' opinion into the RFC, thus the Court cannot find it is clearly a typographical error.

ORDER - 20

1    ALJ must consider when determining how persuasive a medical opinion is.  20

2    C.F.R. § 416.920c(b)(2).  The more relevant objective evidence and supporting

3    explanations that support a medical opinion, the more persuasive the medical

4    opinion is.  20 C.F.R. § 416.920c(c)(1).  The ALJ found that while Dr. Garges

5    opined Plaintiff could only engage in occasional manipulative activities, this was

6    inconsistent with Plaintiff's ability to make a fist, oppose her fingers, pinch, grasp,

7    and manipulate both large and small objects without difficulty.  Tr. 24 (citing Tr.

8    473).  Plaintiff also had normal range of motion in her elbows, wrists, and hands.

9    Tr. 472.  While Dr. Granges opined Plaintiff had multiple postural limitations, the

10   ALJ noted Plaintiff had symmetrical strength, normal sensation and reflexes, and

11   full range of motion except in her neck.  Tr. 24, 470-73.  However, Plaintiff also

12   had a "hesitant gait pattern," was unable to squat and rise with ease, was unable to

13   walk on heels and toes and to hop on one foot, had some palpable muscle spasms

14   in her neck and low back, a limited straight leg test, difficulty rising from a seated

15   position and getting on and off the examination table, and her strength ranged from

16   a 3 to 5, with 5 being normal.  Tr. 470-71.

17        While the ALJ pointed to specific examination findings that were

18   inconsistent with the manipulative limitations, the ALJ's analysis does not explain

19   why the ALJ rejected Dr. Garges' opinion that Plaintiff can only sit for two hours,

20   stand for two hours, and walk for one hour in a workday, and engage in postural

ORDER - 21

activities only occasionally.  Tr. 23-24.  The ALJ found Dr. Garges' opinion was

inconsistent with the examination, which documented only "mild-to-moderate

findings," but the ALJ did not discuss Plaintiff's abnormal gait, and the other

abnormal findings discussed *supra.*  Tr. 24.  Further, the ALJ did not consider the

unique nature of fibromyalgia and did not discuss SSR 12-2p.  *See* SSR 12-2p,

2012 WL 3104869 (effective July 25, 2012).  Fibromyalgia is a disease that eludes

objective measurement.  *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

"[A] person with fibromyalgia may have 'muscle strength, sensory functions, and

reflexes [that] are normal.'"  *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017).

Normal objective examination results can be "perfectly consistent with debilitating

fibromyalgia."  *Id.* at 666.  Here, the ALJ rejected Dr. Garges' opinion as

inconsistent with the medical evidence, including normal sensation and reflexes,

with no analysis of Plaintiff's fibromyalgia.  Tr. 24.  The ALJ's finding that Dr.

Garges' opinion was inconsistent with the examination is not supported by

substantial.

　　　　Second, the ALJ found Dr. Garges' opinion was inconsistent with the

objective evidence from other sources.  Tr. 23.  Consistency is one of the most

important factors an ALJ must consider when determining how persuasive a

medical opinion is.  20 C.F.R. § 416.920c(b)(2).  The more consistent an opinion is

with medical evidence from other sources, the more persuasive the medical

opinion is.  20 C.F.R. § 416.920c(c)(2).  The ALJ found Dr. Garges' opinion was inconsistent with the repeatedly normal findings on physical examination and mild-to-moderate findings on medical imaging.  Tr. 24 (citing Tr. 377, 419, 426, 497, 502, 508, 478).  The cited records document Plaintiff having normal reflexes, strength, sensation, and gait, and imaging of the back found L3 anterior subluxation but otherwise normal findings.  Tr. 377, 419, 426, 478, 497, 502, 508. Medical records also document Plaintiff having a limp when ambulating, a positive straight leg raise test, and reports of symptoms associated with fibromyalgia, including fatigue/daytime sleepiness, impaired sleep, pain, anxiety, memory loss, and depression, and a need to increase Plaintiff's gabapentin to treat her fibromyalgia.  Tr. 342, 366-69, 376, 389, 432, 449, 453, 455, 462, 486.  Plaintiff also had moderate lordosis and degenerative disc disease.  Tr. 377, 477.

While the ALJ pointed to some objective evidence to support her conclusion that Dr. Garges' opinion is inconsistent with the objective evidence, there is no analysis of the evidence typically associated with fibromyalgia.  SSR 12-2p notes that fibromyalgia symptoms can wax and wane, and the symptoms associated with fibromyalgia, such as widespread pain and fatigue, can cause exertional limitations, and fibromyalgia can cause nonexertional limitations, such as postural and environmental limitations.  SSR 12-2p, 2012 WL 3104869 (effective July 25, 2012).  As the analysis lacks any consideration of Plaintiff's fibromyalgia, the

ALJ's finding that Dr. Garges' opinion is inconsistent with the objective evidence is not supported by substantial evidence.  On remand, the ALJ is instructed to reconsider Dr. Garges' opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.  The ALJ is further instructed to reconsider Plaintiff's fibromyalgia and SSR 12-2p.

**B. Step Three**

Plaintiff contends the ALJ erred at step three by failing to find her impairments meet or equal Listing 14.09D.  ECF No. 24 at 15-17.  At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment.  20 C.F.R. § 416.920(a)(4)(iii).

The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience."  20 C.F.R. § 416.925.  "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).  "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even

ORDER - 24

1    considered." *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed criteria for

2    disability, she will be found to be disabled.  20 C.F.R. § 416.920(a)(4)(iii).

3        "To *meet* a listed impairment, a claimant must establish that he or she meets

4    each characteristic of a listed impairment relevant to his or her claim." *Tackett,*

5    180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 416.925(d).  "To *equal* a

6    listed impairment, a claimant must establish symptoms, signs and laboratory

7    findings 'at least equal in severity and duration' to the characteristics of a relevant

8    listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting

9    20 C.F.R. § 404.126(a)); 20 C.F.R. § 416.926(a).  "If a claimant suffers from

10    multiple impairments and none of them individually meets or equals a listed

11    impairment, the collective symptoms, signs and laboratory findings of all of the

12    claimant's impairments will be evaluated to determine whether they meet or equal

13    the characteristics of any relevant listed impairment." *Id*.  However, " '[m]edical

14    equivalence must be based on medical findings," and "[a] generalized assertion of

15    functional problems is not enough to establish disability at step three.' " *Id*. at 1100

16    (quoting 20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a).

17        The claimant bears the burden of establishing her impairment (or

18    combination of impairments) meets or equals the criteria of a listed impairment.

19    *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  "An adjudicator's

20    articulation of the reason(s) why the individual is or is not disabled at a later step in

ORDER - 25

1  the sequential evaluation process will provide rationale that is sufficient for a

2  subsequent reviewer or court to determine the basis for the finding about medical

3  equivalence at step 3."  SSR 17-2P, 2017 WL 3928306, at *4 (effective March 27,

4  2017).

5      Here, the ALJ found that Plaintiff's impairments and combinations of

6  impairments did not meet or equal any listings, including Listing 14.09D.  Tr. 19.

7  While Listing 14.09D addresses inflammatory arthritis, it is the most closely

8  analogous listing for fibromyalgia.  SSR 12-2p, 2012 WL 3104869 (effective July

9  25, 2012).  Listing 14.09D requires repeated manifestations of inflammatory

10  arthritis, with at least two of the constitutional symptoms or signs (severe fatigue,

11  fever, malaise, or involuntary weight loss) and one of the following at the marked

12  level: 1) Limitation of activities of daily living; 2) Limitation in maintaining social

13  functioning; or 3) Limitation in completing tasks in a timely manner due to

14  deficiencies in concentration, persistence, or pace.  20 C.F.R. Pt. 404, Subpt. P,

15  App. 1, Listing 14.09D.

16      The ALJ found Plaintiff's impairments do not meet or equal Listing 14.09D

17  but did not set forth an analysis of the listing.  Tr. 19.  As above, the ALJ's step

18  three analysis is devoid of any analysis of Plaintiff's fibromyalgia symptoms.  On

19  remand, the ALJ is instructed to reconsider whether Plaintiff's impairments meet

20  or equal Listing 14.09D and set forth an analysis as the listing.

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 24 at 17-20. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

1    symptom claims)).  "The clear and convincing [evidence] standard is the most

2    demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

3    1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

4    924 (9th Cir. 2002)).

5        Factors to be considered in evaluating the intensity, persistence, and limiting

6    effects of a claimant's symptoms include: 1) daily activities; 2) the location,

7    duration, frequency, and intensity of pain or other symptoms; 3) factors that

8    precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

9    side effects of any medication an individual takes or has taken to alleviate pain or

10   other symptoms; 5) treatment, other than medication, an individual receives or has

11   received for relief of pain or other symptoms; 6) any measures other than treatment

12   an individual uses or has used to relieve pain or other symptoms; and 7) any other

13   factors concerning an individual's functional limitations and restrictions due to

14   pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

15   416.929(c).  The ALJ is instructed to "consider all of the evidence in an

16   individual's record," to "determine how symptoms limit ability to perform work-

17   related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

18       The ALJ found that Plaintiff's medically determinable impairments could

19   reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

20

1  statements concerning the intensity, persistence, and limiting effects of her

2  symptoms were not entirely consistent with the evidence.  Tr. 21.

3       The ALJ's evaluation of Plaintiff's symptom claims, and the resulting

4  limitations largely relies on the ALJ's assessment of the medical evidence.  Having

5  determined a remand is necessary to readdress Dr. Granges' opinion and Plaintiff's

6  fibromyalgia symptoms, any reevaluation must necessarily entail a reassessment of

7  Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue

8  and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims

9  in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th

10  Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we

11  decline to reach [plaintiff's] alternative ground for remand.").  For the purposes of

12  the remand, the ALJ notes that the ALJ's analysis of Plaintiff's symptom claims is

13  devoid of an analysis of Plaintiff's fibromyalgia symptoms.  The ALJ notes that

14  Plaintiff reported at least two flares of fibromyalgia per month, which can last for

15  days each.  Tr. 21.  However, there is no discussion of Plaintiff's fibromyalgia

16  symptoms or treatment.

17  **D. Step Five**

18       Plaintiff contends the ALJ erred at step five by relying on vocational expert

19  testimony given in response to an incomplete hypothetical.  ECF No. 24 at 20-21.

20  At step five of the sequential evaluation analysis, the burden shifts to the

ORDER - 29

Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. As the case is being remanded for the reasons discussed herein, the ALJ is instructed to perform the five-step analysis anew, including step five.

**E. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 24 at 21.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke*, 379 F.3d at 595 ("the proper course, except in rare

1  circumstances, is to remand to the agency for additional investigation or

2  explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th

3  Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has

4  "stated or implied that it would be an abuse of discretion for a district court not to

5  remand for an award of benefits" when three conditions are met.  *Garrison*, 759

6  F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record

7  has been fully developed and further administrative proceedings would serve no

8  useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

9  rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

10  improperly discredited evidence were credited as true, the ALJ would be required

11  to find the claimant disabled on remand, the Court will remand for an award of

12  benefits.  *Revels*, 874 F.3d at 668.  Even where the three prongs have been

13  satisfied, the Court will not remand for immediate payment of benefits if "the

14  record as a whole creates serious doubt that a claimant is, in fact, disabled."

15  *Garrison*, 759 F.3d at 1021.

16      The Court finds further finds further proceedings are necessary to resolve

17  conflicts in the record, including conflicting medical opinions.  As such, the case is

18  remanded for proceedings consistent with this Order.

19

20

ORDER - 31

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 24**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 25**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 8, 2021.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 32